## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:24-CV-325-KDB-DCK

| | | |
|---|---|---|
| JUAN WHIPPLE, d/b/a Queen City Tours, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN MARCUS, d/b/a Queen City Rides 1, LLC, et al., | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Amend[] Complaint For Trademark Infringement" (Document No. 14) filed June 13, 2024.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and direct that the pending motion to dismiss be <u>denied</u> as moot.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  Rule 15 further provides:

> **(2) Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend; therefore, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint. Furthermore, the undersigned will direct that "Defendants Lance Zaal And US Ghost Adventures, LLC's Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) For Lack Of Subject Matter Jurisdiction" (Document No. 11) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended

Complaint"); <u>Brown v. Sikora and Associates, Inc.</u>, 311 F. App'x 568, 572 (4th Cir. Apr. 16, 2008); and <u>Atlantic Skanska, Inc. v. City of Charlotte</u>, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's "Motion To Amend[] Complaint For Trademark Infringement" (Document No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Defendants Lance Zaal And US Ghost Adventures, LLC's Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) For Lack Of Subject Matter Jurisdiction" (Document No. 11) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall file Plaintiff's "Amended Complaint For Trademark Infringement" (Document No. 14-1) as a separately filed docket entry.

**SO ORDERED**.

Signed: June 14, 2024

David C. Keesler
United States Magistrate Judge