IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00325

| | |
|---|---|
| JUAN WHIPPLE, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN MARCUSE ET AL, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Lance Zaal and US Ghost Adventures LLC's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject-Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) (Doc. No. 21) and Defendants Tripadvisor LLC ("Tripadvisor") and Viator, Inc.'s ("Viator") Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) (Doc. No. 28).

The Court has carefully considered the motions and the parties' briefs and exhibits. For the reasons discussed below, the Court finds that it has subject-matter jurisdiction over the instant case because Plaintiff Juan Whipple has standing as the owner of the trademark at issue. However, the Court also finds that Plaintiff failed to allege sufficient facts supporting his claims for direct trademark infringement and unfair competition against Tripadvisor and Viator. Therefore, the Court will **DENY** Lance Zaal and US Ghost Adventures LLC's Motion to Dismiss, and **GRANT** Tripadvisor and Viator's Motion to Dismiss Plaintiff's Amended Complaint.

1

# I. LEGAL STANDARD

## A. <u>Motion to Dismiss, Fed. R. Civ. P. 12(b)(1)</u>

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court cannot exercise subject-matter jurisdiction "over an individual who does not have standing." *Ansley v. Warren*, No. 1:16-cv-00054, 2016 WL 5213937, at *9 (W.D.N.C. Sept. 6, 2016) (internal quotations omitted) (quoting *AtlantiGas Corp. v. Columbia Gas Transmission Corp.*, 210 F. App'x 244, 247 (4th Cir. 2006)). Therefore, whether the court holds subject-matter jurisdiction over an action must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

The plaintiff bears the burden of proving that subject-matter jurisdiction exists, but the court affords the same procedural protection found within a Rule 12(b)(6) consideration. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Maryland Shall Issue, Inc. v. Hogan*, 963 F.3d 356, 361 (4th Cir. 2020). Moreover, the court construes *pro se* pleadings liberally in considering a motion to dismiss, even though it is "not required to act as an advocate" for a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978). Therefore, the court must accept the facts alleged in the complaint as true, "and the defendant's challenge must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).
2

Case 3:24-cv-00325-KDB-DCK    Document 40    Filed 08/12/24    Page 2 of 8

B.     **Motion to Dismiss, Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

In considering a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). "[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint . . . so long as the authenticity of these documents is not disputed." *Chapman v. Asbury Auto. Grp., Inc.*, No. 3:13 cv 679, 2016 WL 4706931, at *1 (E.D. Va. Sept. 7, 2016) (quoting

*Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016). However, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

## II. FACTS AND PROCEDURAL HISTORY

This action arises from a trademark dispute between Juan Whipple, owner of Charlotte-area touring company Queen City Tours® ("QC Tours"), and two competitors operating similar local businesses: Kevin Marcuse,[1] a managing member of Queen City Rides, LLC ("QC Rides"), and Lance Zaal, an individual doing business as US GHOST ADVENTURES LLC and Queen City Ghosts ("QC Ghosts"). Doc. No. 16 at 1–2, 7. Whipple holds state and federal registrations for the "Queen City Tours®" trademark (the "Mark"), which he uses to operate and promote his themed tours centered around Charlotte-area landmarks and sights. Doc. No. 16 at 1.

Whipple began using "Queen City Tours®" from 1993 to 1995, but he first registered the Mark with the North Carolina Secretary of State on July 19, 1999. Doc. 1-2 at 18; Doc. No. 16 at 3–4. Whipple later filed to register the Mark with the United States Patent and Trademark Office ("USPTO") on August 28, 2007. Doc. 1-2 at 19; Doc. No. 16 at 4. Despite Whipple's "continuous and exclusive" use of the Mark since 1995, customer confusion surrounds his use of "Queen City" to describe his business, as QC Tours, QC Rides, and QC Ghosts all utilize the same geographic descriptor. Doc. 1-2 at 68–79; Doc. No. 16 at 6–7. Among other documented mix-ups, a tourist who purchased tickets to QC Ghosts' "Charlotte Ghost Walk" and sought logistic details contacted Whipple and QC Tours, rather than QC Ghosts. Doc. 1-2 at 74–75, 78–79; Doc. No. 16 at 10, 13–

---

[1] Defendant Kevin Marcuse has not filed a motion to dismiss, so the Court will not address the claims against him in this Order.

17. Tripadvisor and Viator also listed both QC Tours and QC Ghosts' business and services on their platforms (highlighting customer reviews and tour reservation options, which Plaintiff says further "amplif[ied] consumer confusion." Doc. 1-2 at 38–40; Doc. No. 16 at 11.

Whipple advances direct trademark infringement claims against QC Ghosts, Tripadvisor, and Viator. Doc. No. 16 at 18–19. He argues that QC Ghosts' use of the "Queen City" descriptor, as well as Tripadvisor and Viator's webpage listings of QC Ghosts, causes confusion in violation of the Lanham Act, 15 U.S.C. § 1114. *Id.* at 21. Furthermore, he claims that their actions violate 15 U.S.C. § 1125(a), prohibiting false designation of origin and unfair competition. *Id.* at 21–22. On June 28, 2024, QC Ghosts filed its Motion to Dismiss Whipple's Amended Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. No. 21. QC Ghosts contends that Whipple does not own the Mark in question and, thus, lacks standing to bring this action. *See* Doc. No. 22. Likewise, Tripadvisor and Viator filed a Motion to Dismiss Whipple's Amended Complaint on July 12, 2024, but seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 28. Tripadvisor and Viator argue that Whipple's claims as raised against them are deficient because he failed to plead sufficient facts showing their liability for direct trademark infringement and unfair competition. Doc. No. 29 at 6. The Motions are fully briefed and ripe for the Court's review.

### III. DISCUSSION

#### A. <u>Motion to Dismiss, Fed. R. Civ. P. 12(b)(1)</u>

In this action for trademark infringement under the Lanham Act, the Court's subject-matter jurisdiction depends on Whipple's standing as the owner of the Mark. 15 U.S.C. § 1114(1); *B & J Enters. v. Giordano*, 329 F. App'x 411, 416 (4th Cir. 2009) (explaining that a plaintiff must prove ownership of a valid and protectable mark to prevail on a trademark claim). QC Ghosts opines

that, according to its Federal Registration Certificate, Whipple does not own the "Queen City Tours®" Mark. *See* Doc. 22-1; Doc. No. 22 at 3–4. Instead, QC Ghosts maintains that "Queen City Tours and Travel (Florida Sole Proprietorship)" owns the Mark, resting its argument largely on the fact that Whipple does business in North Carolina, not Florida. *Id.* However, Whipple's USPTO documentation verifies his ownership of the Mark:

> **Owner Name:** Queen City Tours and Travel
> **Composed of:** Whipple, Juan D., a citizen of United States
> **Owner Address:** P.O Box 470154
> Miami, FLORIDA UNITED STATES 332470157
> **Legal Entity Type:** SOLE PROPRIETORSHIP

Doc. 1-2 at 21–23.

Queen City Tours and Travel is a sole proprietorship, which is not a legal entity separate and apart from its owner. *Rosedale Attractions & Shows Inc. v. Long*, No. 8:18-cv-03416, 2019 WL 3860319, at *5 (D. Md. 2019); *RZS Holdings AVV v. PDVSA Petoleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007) ("Notably, it has been recognized that a sole proprietorship has no legal existence apart from its owner, and that an individual owner may represent his sole proprietorship in a pro se capacity.") (citing *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)). Moreover, Queen City Tours and Travel's Fictitious Name Registration confirms that Whipple is the Mark's owner. Doc. No. 23 at 4. In sum, Whipple is the individual behind Queen City Tours and Travel's sole proprietorship and owns the Mark at issue. Therefore, the Court finds that Whipple has standing to bring this action pursuant to 15 U.S.C. §§ 1114 and 1125(a) and QC Ghosts' motion will accordingly be denied.

B. <u>**Motion to Dismiss, Fed. R. Civ. P. 12(b)(6)**</u>

Tripadvisor and Viator together argue that Whipple has failed to assert sufficient facts showing they engaged in direct trademark infringement and unfair competition, thereby violating

6

Case 3:24-cv-00325-KDB-DCK   Document 40   Filed 08/12/24   Page 6 of 8

the Lanham Act. Doc. No. 28; Doc. No. 29 at 5–6. Specifically, they contend that Whipple cannot maintain claims for direct infringement and unfair competition against them based on the actions of third parties. The Court agrees. Plaintiff's First Amended Complaint bases his claims against Tripadvisor and Viator not on their independent (i.e. direct) use of his marks to sell or market tours but rather on the fact that the two tour company defendants have advertised their tour services through the Tripadvisor and Viator branded platforms. Plaintiff's pleading thus fails to plead facts that support his claims of direct infringement and wrongful conduct against Tripadvisor and Viator. *See Tiffany (NJ) Inc. v. eBay, Inc.,* 600 F.3d 93, 103 (2d Cir. 2010) (holding that there was no direct infringement by eBay when counterfeiters used the Tiffany trademark on eBay's platform, especially considering eBay promptly removed listings that Tiffany challenged).[2]

Therefore, because the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, his trademark infringement and unfair competition claims against Tripadvisor and Viator must be dismissed. However, in light of Plaintiff representing himself *pro se* and arguing (albeit briefly and generally) that these defendants contributed to the other defendants' infringement, the Court will dismiss his claims without prejudice.[3]

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. QC Ghosts' Motion to Dismiss (Doc. No. 21) is **DENIED;**
2. Tripadvisor and Viator's Motion to Dismiss (Doc. No. 28) is **GRANTED without prejudice;** and

---

[2] Here, Tripadvisor and Viator similarly listed QC Ghosts' services and tour availability, but removed QC Ghosts' webpage after Plaintiff filed this action. Doc. No. 29 at 6–8.

[3] Plaintiff is, however, cautioned that any further claims against Tripadvisor and Viator must include factual allegations that support all the elements of contributory and vicarious liability.

7

Case 3:24-cv-00325-KDB-DCK   Document 40   Filed 08/12/24   Page 7 of 8

3. This case shall **proceed towards a resolution on the merits of the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 12, 2024

Kenneth D. Bell
United States District Judge

8

Case 3:24-cv-00325-KDB-DCK   Document 40   Filed 08/12/24   Page 8 of 8