IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-325-KDB-DCK

| | |
|---|---|
| JUAN WHIPPLE, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| KEVIN MARCUSE, QUEEN CITY ) | |
| RIDES LLC, LANCE ZAAL, and US ) | |
| GHOST ADVENTURES LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Consolidated Motion To Enforce Professional Conduct And Extend Time To Respond To Discovery Requests" (Document No. 48) filed November 20, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion in part and deny the motion in part.

Plaintiff, appearing without counsel, first requests that this Court "enforce professional conduct by limiting direct communications from Defendant Lance Zaal and requiring that all settlement discussions or related correspondence be routed exclusively through his legal counsel." (Document No. 48, p. 1). Plaintiff contends that Defendant Zaal has sent him unproductive and/or hostile communications. (Document No. 48, pp. 1-2).

Next Plaintiff seeks "an extension of time to respond to simultaneous Discovery Requests submitted by both Defendants' counsel on October 29, 2024." (Document No. 48, p. 2).

"Defendants Lance Zaal And US Ghost Adventures, LLC's Response..." asserts that "[t]here is no basis to prohibit Zaal from communicating directly with Plaintiff" and that "[w]hile

Plaintiff has already served his discovery responses and the issue is presumably now moot, Defendants would have had no objection to a reasonable extension." (Document No. 49, p. 1).

At this time, the undersigned is not inclined to formally restrict or otherwise manage communications between *pro se* Plaintiff and Defendant Zaal. The Court does encourage civility between litigants, however. Respectfully, Defendants might consider whether it might be better for all concerned – and ultimately best for the case – if Defendants' counsel communicated with Plaintiff.

Noting that Defendants do not oppose the request for additional time to respond to discovery requests, the undersigned will allow that relief.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Consolidated Motion To Enforce Professional Conduct And Extend Time To Respond To Discovery Requests" (Document No. 48) is **GRANTED** as to the request for additional time and **DENIED** as to the request to "enforce professional conduct."

**IT IS FURTHER ORDERED** that Plaintiff may provide discovery responses and/or supplement discovery responses to Defendants' Discovery Requests, on or before **January 10, 2025**.

**SO ORDERED**.

Signed: December 9, 2024

David C. Keesler
United States Magistrate Judge