IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-325-KDB-DCK

| | |
|---|---|
| JUAN WHIPPLE, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| KEVIN MARCUSE, QUEEN CITY ) | |
| RIDES LLC, LANCE ZAAL, and US ) | |
| GHOST ADVENTURES LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Notice Of Separate Filings Of Proposed Protective Orders" (Document No. 52) filed December 6, 2024. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

By the instant filing, Plaintiff, appearing without counsel, suggests that the Court should enter separate protective orders for two Defendants. Plaintiff notes that Defendants' counsel object to Plaintiff's proposal.

The undersigned notes that the "Pretrial Order And Case Management Plan" (Document No. 47) provides the following instructions regarding protective orders:

> If one or more of the parties desire entry of a protective order with respect to discovery, then the parties are required to meet and confer and file with the Court a joint draft proposed protective order governing discovery on or before December 6, 2024. **If parties cannot agree on the form of the proposed protective order then each party shall submit a proposed protective order**. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of the litigation. Protective Orders must also provide that any motion,

> memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

(Document No. 47, pp. 6-7) (emphasis added).

Plaintiff's proposed protective orders do not fully comply with the foregoing instructions. <u>See</u> (Document Nos. 52-1 and 52-2). Moreover, the "...Case Management Plan" does not anticipate different protective orders for different parties, and the undersigned is not inclined to adopt multiple protective orders. The undersigned is also not persuaded that attorneys-eyes-only ("AEO") is an appropriate designation in a case involving a *pro se* Plaintiff.

The undersigned further notes that Defendants have failed to timely submit a proposed protective order as required by the "...Case Management Plan" (Document No. 47, pp. 6-7).

Typically, parties involved in litigation before this Court are able to agree on a single proposed protective order that the Court can adopt with little, if any, editing or revision. The undersigned will, therefore, direct the parties to confer in a good faith attempt to agree on a single proposed protective order. If the parties are unable to agree, then each side shall submit a single proposed protective order.

**IT IS, THEREFORE, ORDERED** that the parties shall file a proposed protective order, jointly if possible, on or before **December 20, 2024**.

**SO ORDERED**.

Signed: December 10, 2024

David C. Keesler
United States Magistrate Judge

2

Case 3:24-cv-00325-KDB-DCK    Document 55    Filed 12/10/24    Page 2 of 2