IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-325-KDB-DCK

| | |
|---|---|
| JUAN WHIPPLE, d/b/a Queen City Tours, | )<br>) |
| Plaintiff, | )   **ORDER**<br>) |
| v. | )<br>) |
| KEVIN MARCUSE, d/b/a Queen City Rides 1, LLC, and LANCE ZAAL, d/b/a US Ghost Adventures LLC d/b/a Queen City Ghosts, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Joint Motion To Stay Litigation Pending Outcome Of TTAB Cancellation Proceeding" (Document No. 63) filed February 19, 2025. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

By the instant motion, Defendants report that they "have petitioned the TTAB [Trademark Trial and Appeal Board] to cancel U.S. Trademark Registration No. 6,971,201 for the 'Queen City Tours' mark on a variety of grounds including primary geographic descriptiveness, genericness, misrepresented date of first use, misrepresented source of services, misrepresented distinctiveness and abandonment." (Document No. 63, p. 1); see also (Document No. 64 and Document No. 63-1). Defendants contend that if the TTAB rules "in favor of Defendants on any of these issues it would cancel Plaintiff's trademark registration and resolve this litigation." Id.

Defendants note the following legal authority in support of their position:

> The Fourth Circuit has recognized that trademark infringement litigation should be stayed pending the outcome of concurrent TTAB proceedings when (1) the viability of the trademark registration is at issue or (2) the TTAB's decision is potentially dispositive of the litigation. *See Armand's Subway, Inc. v. Doctor's Associates, Inc.*, 604 F.2d 849, 852 (4th Cir. 1979). . . .
>
> Both are true here. First, the viability of Plaintiff's trademark registration is at issue in the TTAB proceeding where Defendants are seeking its cancellation on grounds of primary geographic descriptiveness, genericness, misrepresented date of first use, misrepresented source of services, misrepresented distinctiveness and abandonment. Second, the TTAB's decision is potentially dispositive because the TTAB's agreement with Defendants on any of these issues would cancel Plaintiff's trademark registration and resolve this litigation. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1299 (2015).

(Document No. 64, p. 2).

Defendants further note that when determining whether to issue a stay, courts normally consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set." (Document No. 64, p. 3) (citation omitted). Defendants contend that all three factors favor a stay here. (Document No. 64, pp. 3-9).

"Plaintiff's Response…" argues that "Defendants' request for a stay is a blatant attempt to circumvent this Court's jurisdiction and avoid their obligation to produce discovery regarding their long-standing willful infringement of Plaintiff's Queen City Tours® trademark." (Document No. 65, p. 1). Plaintiff further argues that the presiding District Judge, the Honorable Kenneth D. Bell, "has already considered and ruled upon" trademark validity, and therefore, Defendants should not be allowed to "usurp the Court's authority by asking the TTAB to reevaluate trademark validity." (Document No. 65, p. 3).

2

In addition, Plaintiff argues that Defendants' TTAB petition and the pending motion to stay are brought in bad faith and will prejudice Plaintiff. (Document No. 65, pp. 3-5). Plaintiff also asserts that the TTAB cannot resolve all of Plaintiff's claims including those for monetary damages, injunctive relief, and punitive damages. (Document No. 65, p. 7).

In reply, Defendants argue that, contrary to Plaintiff's position, the Court "did not make any findings of fact or legal rulings as to the validity of Plaintiff's trademark registration or rights." (Document No. 66, p. 1). Moreover, Defendants assert that "[t]o the extent that Plaintiff chooses to continue this litigation after the Cancellation's conclusion, he will be free to do so and will have the same right to a jury trial that he currently has." (Document No. 66, p. 2). Defendants also argue that any potential delay caused by the TTAB proceeding "pales in comparison to the delay caused by Plaintiff's intentional decision to wait *nearly seven years* to file suit despite his knowledge of the allegedly infringing use (and the consumer confusion allegedly arising therefrom) since 2017." (Document No. 66, p. 3).

The undersigned finds that Defendants arguments are most persuasive. It appears likely that a decision by the TTAB in the pending cancellation proceeding will narrow, or resolve, the issues in this case. The undersigned agrees that any purported prejudice to Plaintiff is outweighed by the likely benefit to the parties and the Court of a TTAB decision.

Plaintiff puts significant emphasis on the argument that the TTAB proceeding would somehow usurp this Court's authority, or be a redundant action. See (Document No. 65, pp. 3) (citing Document No. 40 pp. 5-6). However, it is the undersigned's understanding that Judge Bell's Order found that Plaintiff "owns the Mark at issue" and has standing to bring this action, but did *not* address the validity of the mark or whether it could be cancelled. See (Document No.

40, pp. 5-6). In fact, Plaintiff does not dispute that Plaintiff owns the "'Queen City Tours' mark"; rather, Plaintiff argues that it should be cancelled. (Document No. 63; Document No. 63-1).

In short, applying the factors set forth by Defendants regarding a court's decision to issue a stay, the undersigned finds the motion should be granted. <u>See</u> (Document No. 64, pp. 2-3).

**IT IS, THEREFORE, ORDERED** that "Defendants' Joint Motion To Stay Litigation Pending Outcome Of TTAB Cancellation Proceeding" (Document No. 63) is **GRANTED**. This matter is **STAYED** until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that that the parties shall file a Status Report, jointly if possible, on **May 12, 2025**, and **every sixty (60) days thereafter,** until the TTAB issues a final decision.

**SO ORDERED**.

Signed: March 11, 2025

David C. Keesler
United States Magistrate Judge