Hand-Delivered

FILED
CHARLOTTE, NC

JUL 14 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

Queen City Tours® vs. Queen City Rides 1, LLC, et al. [Defs. 1 and 2]
Case No. 3:24-CV-00325-KDB-DCK
TTAB Status Update
July 14, 2025

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION**

Juan D. Whipple, d/b/a Queen City Tours®, Plaintiff,

v.

Kevin Marcuse, and Queen City Rides 1, LLC, et al.,

Defendants.

Civil Action No. 3:24-cv-00325-KDB-DCK

**PLAINTIFF'S STATUS UPDATE REGARDING TTAB TRADEMARK CANCELLATION PROCEEDING (No. 92087584)**

To the Honorable United States District Court:

Pursuant to this Court's Order dated May 13, 2024 (Doc. 67), Plaintiff Juan D. Whipple, pro se, submits the following Status Update regarding the Trademark Trial and Appeal Board (TTAB) Cancellation Proceeding No. 92087584, involving Defendants Kevin Marcuse d/b/a Queen City Rides 1, LLC, and Lance Zaal/US Ghost Adventures, LLC d/b/a Queen City Ghosts.

**I. EXPLANATION OF FILING DATE**

Pursuant to Federal Rule of Civil Procedure 6(a) and Local Civil Rule 6.1 of the Western District of North Carolina, when a filing deadline falls on a weekend or a day when the Clerk's Office is inaccessible, the deadline extends to the next business day. In this matter, the 60-day update interval concluded on Friday, July 11, 2025. Because the deadline fell on a Friday and the

Clerk's Office was not accessible for after-hours filing, Plaintiff is submitting this update on Monday, July 14, 2025, in accordance with the applicable rules.

On July 11, 2025, Defendant Marcuse's counsel filed a unilateral update after providing Plaintiff with a proposed draft only on the evening of July 10, 2025, and requested a response by 2:30 PM on July 11. This internal deadline was not established by court order, local rule, or federal rule. Plaintiff was diligently preparing a full response and, consistent with the rules, now submits this supplemental and corrective filing to ensure the record is accurate and complete. (See Exhibit 01 attached).

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Juan D. Whipple, doing business as Queen City Tours® ("QC Tours"), operates a Charlotte-area tour company under the "Queen City Tours®" mark. He asserts continuous use of the name since the mid-1990s and holds both North Carolina and federal registrations for the mark. Defendants Kevin Marcuse (Queen City Rides 1, LLC) and Lance Zaal (US Ghost Adventures LLC, operating Queen City Ghosts) run competing tour services that also use "Queen City" in their branding, leading to overlapping use in the Charlotte tourism market.

Judge Kenneth D. Bell's August 12, 2024 Order (Doc. 40) found that Plaintiff has standing as the owner of the trademark at issue and that the Court has subject-matter jurisdiction. The Court

also observed that customer confusion surrounds the use of "Queen City" by multiple tour operators, referencing an instance where a tourist intending to contact Defendants' business mistakenly reached out to Plaintiff.

**As stated by this Court in its prior ruling:**

*"Plaintiff Juan Whipple has standing as the owner of the trademark at issue."* (Doc. 40 at 1).

*"Queen City Tours® and Travel is a sole proprietorship, which is not a legal entity separate and apart from its owner..."*

*"In sum, Whipple is the individual behind Queen City Tours® and Travel's sole proprietorship and owns the Mark at issue."*

*"Therefore, the Court finds that Whipple has standing to bring this action pursuant to 15 U.S.C. §§ 1114 and 1125(a)..."* (Doc. 40 at 6).

**The Court further found:**

*"Despite Whipple's 'continuous and exclusive' use of the Mark since 1995, customer confusion surrounds his use of 'Queen City' to describe his business, as QC Tours, QC Rides, and QC Ghosts all utilize the same geographic descriptor. ... Among other documented mix-ups, a tourist who purchased tickets to QC Ghosts' 'Charlotte Ghost Walk' and sought logistic details contacted Whipple and QC Tours, rather than QC Ghosts."* (Doc. 40 at 4).

**The Court further ordered that:**

*"This case shall proceed towards a resolution on the merits of the remaining claims in the absence of a voluntary resolution of the dispute among the parties."* (Doc. 40 at 8).

Since that time, Plaintiff has obtained additional direct evidence of public confusion, including misdirected consumer inquiries, vendor misattribution, and multiple instances of mistaken identity across digital platforms and tour referrals. These occurrences are neither speculative nor isolated and continue to demonstrate actual confusion in the marketplace.

Plaintiff has also submitted to the Court a comprehensive record of actual consumer confusion, with incidents documented from 2021 to the present.

### III. MISREPRESENTATIONS BY DEFENSE COUNSEL

Defense Counsel Hunter Freeman has previously made several material misstatements to this Court and in the course of these proceedings, including:

1. **Claiming Plaintiff failed to respond to the previous status update proposal** (Doc. 68 @ 1, footnote), when in fact Plaintiff **timely submitted his response**, as reflected in the record (Doc. 69).

2. **Stating falsely that Defendant Marcuse was unaware of this action at the time of initial filing in March 2024**, when in fact Marcuse had **prior knowledge**, as Plaintiff documented in filings:

    - **Doc. 24 @ 2** – Motion Detailing Freeman's Misrepresentation

    - **Doc. 26 @ 2** – Court Order acknowledging Plaintiff's concern for future reference

These actions go beyond zealous advocacy and rise to the level of **bad faith conduct**, which Plaintiff reserves the right to raise in future filings, including those related to equitable relief.

## IV. ADDITIONAL EVIDENCE OF ACTUAL CONSUMER CONFUSION

Plaintiff submits additional, credible evidence of ongoing consumer confusion between his registered **Queen City Tours®** brand and the infringing activities of Defendants Marcuse and Queen City Rides 1, LLC, and Zaal and US Ghost Adventures d/b/a Queen City Ghosts. These incidents, when considered alongside more than 100 previously submitted exhibits, demonstrate a persistent pattern of confusion directly attributable to Defendants' conduct.

### A. Incident of June 1, 2025 – Consumer "Mr. H"

On June 1, 2025, Plaintiff received a message from a consumer ("Mr. H") who, relying on digital mapping, arrived at an incorrect location and sought assistance, believing he was at the correct departure point for Queen City Tours®. Upon further communication, Plaintiff surmised that Mr. H had actually booked with Queen City Rides, not Plaintiff's business, and that Plaintiff had no tours scheduled for that date and time. The consumer's mistaken contact with Plaintiff, based on the similarity of the business names and digital search results, is not merely hypothetical confusion but a real-world example of marketplace disorientation. (See Exhibits 02-a and 02-b attached).

While "initial interest confusion" is recognized in some circuits, the Fourth Circuit focuses on whether confusion materially affects consumer behavior or Plaintiff's business interests. Here,

the incident demonstrates that Defendants' use of a confusingly similar name led a consumer to mistakenly seek out Plaintiff's services, disrupting Plaintiff's business operations and requiring corrective action. This confusion is actionable under the Lanham Act when it results in actual marketplace harm, as evidenced here.

**B. Incident of June 17–18, 2025 – Consumer "Jennifer"**

> On June 17, 2025, "Jennifer" contacted Plaintiff regarding a scheduled golf cart tour, believing she had booked with Plaintiff's company. Upon inquiry, Jennifer confirmed her booking was with Queen City Rides via Viator, despite initially reaching out to Queen City Tours®. This exchange demonstrates confusion at the point of sale and underscores the role of third-party platforms in perpetuating confusion—particularly when Defendants' naming and marketing practices are the root cause. While Viator is a third party, the confusion is traceable to Defendants' use of a confusingly similar name and their online presence, which persists despite Plaintiff's repeated complaints. (See Exhibits 03-a-c attached).

*The Fourth Circuit recognizes that anecdotal evidence of actual confusion, when part of a* continuing pattern and not isolated, is highly probative of likelihood of confusion and supports injunctive relief (see *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.,* 43 F.3d 922

(4th Cir. 1995)). The record now contains numerous, recurring incidents of this nature, confirming that the harm is ongoing and substantial.

### C. Incident of June 14, 2025 – Makenzie Facebook Post

On June 14, 2025, a Facebook user, Makenzie, publicly posted photographs from a ghost tour in Uptown Charlotte, tagging the location as "Queen City Ghost Tours[sm]"—a name associated with Plaintiff's common law mark since 2010. Plaintiff did not operate any tour for Makenzie on that date, nor had any interaction with her. The user's misattribution, as evidenced by the geotag and photographs of Plaintiff's signature tour landmarks, demonstrates that consumers are associating Defendants' services with Plaintiff's brand. (See Exhibits 05-a-f attached).

The Fourth Circuit standard for "actual confusion" encompasses both anecdotal and specific incidents where consumers attribute services to the wrong source due to confusing branding (see *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 398 (4th Cir. 2009)). This incident, together with the extensive evidentiary record, establishes a pattern of confusion that is neither trivial nor isolated.

**Legal Significance and Implications**

Consistent with Fourth Circuit authority, actual confusion is "the most persuasive evidence" of likelihood of confusion and may alone support injunctive relief *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.,* 43 F.3d 922 (4th Cir. 1995). The present record demonstrates:

- A sustained pattern of misdirected consumer traffic resulting from Defendants' use of confusingly similar names and online marketing;

- Ongoing diversion of business and economic harm to Plaintiff's enterprise;

- Defendants' failure to take corrective action despite repeated notice; and

- Plaintiff's continued burden to clarify and correct confusion, expending resources to address harm caused solely by Defendants' conduct.

These incidents, in the context of over 100 documented examples, establish that confusion is ongoing, material, and directly linked to Defendants' actions—not mere consumer error or isolated events.

**Ongoing Willful Infringement**

Plaintiff has obtained new screenshots from Defendant 1's website displaying continued use of the protected "Queen City Tours" name in metadata, content, and promotional materials, despite prior cease and desist demands and ongoing litigation. While willfulness is not required for all

Lanham Act remedies, Defendants' knowing continuation of infringing conduct is a significant factor in the Court's equitable analysis and supports the need for enhanced remedies. (See Exhibits 04-a and b attached).

### Search Engine Misassociation and Misleading Identity

Recent Google search results show that consumers searching for "Queen City Tours" are routinely directed to Defendant 1's site and business profile. Plaintiff's brand equity and online visibility are being diverted as a direct result of Defendants' use of SEO (Search Engine Optimization) keywords and website content that mimic Plaintiff's trademark. Attached exhibits include data and examples of misdirected consumer inquiries and lost business, confirming that Defendants' online conduct is causing actionable harm.

*Visual evidence further shows that Defendant 1's website continues to market services as "Queen City Tours," both in HTML and frontend display, reinforcing the likelihood of confusion and supporting Plaintiff's claims of unfair competition.* (See Exhibits 04-c and d attached).

### Irreparable Harm and Requested Relief

This confusion has resulted in:

- Lost business opportunities,
- *Damage to Plaintiff's reputation, and*

- Misattributed reviews and communications from the public and media.

*Under Fourth Circuit law, these harms are sufficient to establish irreparable injury and justify* injunctive relief (*Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522 (4th Cir. 1984)).

### V. AMERICA CHARTERS JUDGMENT DECLARED EXPIRED

Plaintiff informs the Court that on **June 9, 2025**, the **Mecklenburg County Superior Court officially declared expired and unenforceable** the 2005 default judgment in *America Charters LTD v. Whipple* (Case No. 02CVS8106-590).

This default judgment had been:

- **Falsely relied upon by Defense Counsels** as a basis for their abandonment argument,

- And repeatedly cited as evidence that Plaintiff's business had ceased operations. (See exhibit 06 attached).

This ruling directly undermines Defense Counsel's arguments in the WDNC and TTAB matters and provides judicial confirmation that **no valid judgment remains against Plaintiff** regarding the operation or continuity of Queen City Tours®.

## VI. TTAB DENIAL OF DEFENDANTS' ABANDONMENT CLAIMS

On June 16, 2025, the Trademark Trial and Appeal Board (TTAB) issued a formal Order denying Defendants' Motion to Dismiss based on alleged abandonment in Cancellation No. 92087584. The Board held that:

> *"Petitioners do not properly plead a claim of abandonment, and thus the petition fails to state this claim. The claim is dismissed."*
>
> — TTAB Order, p. 14 (see Exhibit 07-b attached).

The TTAB clarified that because Plaintiff's federal registration issued on February 7, 2023, Petitioners' filing of the cancellation on February 18, 2025—just two years and eleven days later—rendered any nonuse-based abandonment theory inapplicable as a matter of law. (See TTAB Order, p. 13, Exhibit 07-a attached).

The Board granted Petitioners thirty (30) days to file an amended petition to cancel only with respect to remaining or properly stated claims. If amended, Plaintiff (Respondent) is allowed thirty (30) days from service of that amended petition to answer. (see TTAB Order, p. 19, Exhibit 07-c attached).

Accordingly, the TTAB's Order forecloses Defendants' abandonment theory as a matter of law and supports Plaintiff's continued and valid ownership of the QUEEN CITY TOURS® trademark.

This is a **direct rebuttal to the abandonment theories asserted by Defendants in both forums**, and affirms that Plaintiff's rights in the Queen City Tours® mark remain legally viable.

## VII. CONCLUSION

Plaintiff will continue to participate in good faith in the TTAB proceeding, which is now scheduled through January 20, 2027. This extended timeline underscores the ongoing nature of the dispute and the continued impact of Defendants' infringing conduct on Plaintiff's business interests.

Plaintiff respectfully requests the Court take judicial notice of:

- This update,

- Prior misrepresentations by Defense Counsel,

- Ongoing public confusion, and

- New rulings from both the North Carolina Superior Court and the TTAB.

Respectfully submitted,

_____
Juan D. Whipple

Pro Se Plaintiff

dba Queen City Tours®

201 N. McDowell Street

P. O. Box 36160

Charlotte, NC 28236-6160

jwhipple@queencitytours.com

704-566-0104

Dated: July 14, 2025

Queen City Tours® vs. Queen City Rides 1, LLC, et al. [Defs. 1 and 2]
Case No. 3:24-CV-00325-KDB-DCK
TTAB Status Update
July 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I will email the foregoing **PLAINTIFF'S STATUS UPDATE REGARDING TTAB TRADEMARK CANCELLATION PROCEEDING (No. 92087584)** to the following:

Hunter Freeman

Kim and Lahey Law Firm

3620 Pelham Road, PMB 213

Greenville, SC 29615

Phone: 864-973-6688

Email: hfreeman@kimandlahey.com


Joshua F. P. Long

Woods Rogers Vandeventer Black PLC

10 S. Jefferson Street, Suite 1800

Roanoke, Virginia 24011

Phone: (540) 983-7725

Fax: (540) 983-7711

Email: Josh.long@woodsrogers.com

Queen City Tours® vs. Queen City Rides 1, LLC, et al. [Defs. 1 and 2]
Case No. 3:24-CV-00325-KDB-DCK
TTAB Status Update
July 14, 2025

Additionally, I will deliver a copy of the same document to the Clerk of Court in person at:

Clerk of Court

United States District Court

Western District of North Carolina

Room 100, Charles R. Jonas Federal Building

401 W. Trade Street

Charlotte, NC 28202

The Clerk will furnish a copy to Mr. Freeman, Mr. Long via the court system using the CM/ECF system.

Respectfully submitted,

*/s/ Juan D. Whipple*

Juan D. Whipple

*Pro Se Plaintiff*

P. O. Box 36160

Charlotte, NC 28236-6160

jwhipple@queencitytours.com

Business Phone: 704-566-0104

Dated: July 14, 2025

Page 15 of 15