Hand-Delivered

Queen City Tours℠ vs. Queen City Rides 1, LLC, et al. [Defs. 1 and 2]
Case No. 3:24-CV-00325-KDB-DCK
TTAB Status Update
September 9, 2025

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION**

Juan D. Whipple, d/b/a Queen City Tours®, Plaintiff,

v.

Kevin Marcuse, and Queen City Rides 1, LLC, et al.,

Defendants.

Civil Action No. 3:24-cv-00325-KDB-DCK

FILED
CHARLOTTE, NC

SEP - 9 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

### PLAINTIFF'S STATUS UPDATE REGARDING TTAB TRADEMARK CANCELLATION PROCEEDING (No. 92087584)

**To the Honorable United States District Court:**

Pursuant to this Court's Order dated May 13, 2024 (Doc. 67), Plaintiff Juan D. Whipple, pro se, submits the following Status Update regarding the Trademark Trial and Appeal Board (TTAB) Cancellation Proceeding No. 92087584, involving Defendants Kevin Marcuse d/b/a Queen City Rides 1, LLC, and Lance Zaal/US Ghost Adventures, LLC d/b/a Queen City Ghosts.

### I. INTRODUCTION

Pursuant to the Court's prior order, Juan D. Whipple d/b/a Queen City Tours® ("Plaintiff") submits this status update concerning the related cancellation proceedings before the Trademark Trial and Appeal Board ("TTAB").

## II. STATUS OF TTAB PROCEEDINGS

On July 16, 2025, Petitioners US Ghost Adventures, LLC and Lance Zaal, et al., filed an Amended Petition to Cancel Plaintiff's QUEEN CITY TOURS® federal registration (TTAB Cancellation No. 92087584). The TTAB is currently considering Plaintiff's Motion to Dismiss filed on August 14, 2025. While Plaintiff maintains that the Motion is meritorious based on applicable law and procedure, no ruling has been issued at this time. *(Exhibits A1-2)*.

Contrary to Defendants' suggestion, this Court's Order *(Doc. 67 at 4)* does **not** mandate a joint filing. It expressly provides that *"the parties shall file a Status Report, jointly if possible, on May 12, 2025, and every sixty (60) days thereafter."*

Plaintiff therefore properly submits this independent update after Defendants failed to contact Plaintiff far enough in advance of filing their own version, once again waiting until the eleventh hour (September 8, 2025) to attempt a purported "joint" submission. *(Exhibit B)*.

Defendants further mischaracterize the TTAB's September 4, 2025 Suspension Order. The TTAB did **not** "deny" Plaintiff's Motion for Leave, as Defendants claim. Instead, the Board made clear in footnote 1 of its Order that: *"Respondent filed its motion to dismiss within the time allowed by the Board in the June 16, 2025 order. 15 TTABVUE 19. Accordingly, Respondent's August 14, 2025 motion for leave to file a late response is moot."* *(Exhibits A1-2)*.

Importantly, under TTAB rules, Plaintiff retains until **September 23, 2025,** to file an Answer, if one becomes necessary [TBMP § 502.02 and 37 C.F.R. § 2.127(a)]. The TTAB Suspension Order also makes clear that, pursuant to Trademark Rule 2.127(d), all matters not germane to the Motion to Dismiss are stayed, and the schedule for the discovery conference, initial disclosures, and discovery is likewise suspended and will be reset only if proceedings resume.

Plaintiff has raised ongoing concerns that Defendants' use of business names violates North Carolina's Assumed Business Name Act, N.C. Gen. Stat. §§ 66-71.4 and 66-71.7. (Exhibits C1–C5). Under these statutes, businesses operating under an assumed name must file and maintain a registration in the county where they transact business. Defendants' failure to comply with these requirements underscores Petitioners' lack of statutory entitlement and remains directly relevant to the issues presented in the Motion to Dismiss.

### III. COURT'S PRIOR STANDING FINDING

a. The Court confirmed that Plaintiff has standing as the owner of the trademark at issue. *(Doc. 40 at 1)*.

b. It was recognized that Queen City Tours® and Travel is a sole proprietorship, legally inseparable from me as an individual.

c.  The Court found Plaintiff is the owner of the mark "Queen City Tours®" and therefore have standing to bring this action under 15 U.S.C. §§1114 and 1125(a). *(Doc. 40 at 6)*.

d.  The Court noted significant confusion in the marketplace due to overlapping use of "Queen City" among various entities, including documented consumer misdirection involving Queen City Tours®, Queen City Rides, and Queen City Ghosts. *(Doc. 40 at 4)*.

e.  The case was ordered to proceed on the merits, absent voluntary resolution. *(Doc. 40 at 8)*.

## IV. NEW EVIDENCE OF ACTUAL CONFUSION

Since the last update on September 9, 2025 (number 2), Plaintiff has documented further incidents of consumer confusion involving Defendant Marcuse and Queen City Rides 1, LLC. These incidents occurred during the NAACP National Convention in Charlotte, July 9–16, 2025, when multiple customers mistakenly associated Defendant's vehicles and services with Plaintiff's established Queen City Tours®.

**Incident 1** – Ms. Willie (Tuesday July 15, 2025):

On Tuesday July 15, 2025, during boarding for the 4:30 PM Queen City Tours® Charlotte Daily Black Heritage Tour[sm], Plaintiff personally witnessed an incident of consumer confusion at the 116th Annual NAACP National Convention in Charlotte, NC. While stationed across from the MLK Blvd. entrance to the Charlotte Convention Center, Plaintiff was informed by another guest who had been boarded, that Ms. Willie (a friend and member of their party) was waiting on the sidewalk across the street and just outside the entrance. Plaintiff attempted to get her attention to no avail, due to the traffic and other convention delegates and attendees, and therefore walked across the street to notify her of our boarding vehicle and location. Plaintiff was about 20 feet away when he witnessed Ms. Willie attempting to flag down the minibus displaying the web address **queencityrides.com** along the top side of the vehicle just above the windows *(Exhibit D)*. Ms. Willie waved and yelled out "Queen City" "Queen City" as the vehicle approached the MLK Blvd. Entrance to the Convention Center traveling west. Plaintiff intervened, informing her that the vehicle belonged to Queen City Rides, not Queen City Tours®. Ms. Willie then expressed visible confusion and public embarrassment after Plaintiff informed her that she was yelling and waving at the wrong vehicle and before following Plaintiff back to the proper Queen City Tours® vehicle.

A contemporaneous booking confirmation *(Exhibit E)* and text message record *(Exhibits F1-3)* corroborate this event. Plaintiff's signed declaration *(Exhibits G1-2)* provides further details and affirms that Plaintiff was an **eyewitness** to this incident of actual marketplace confusion.

**Incident 2** – Ms. Lynn (Wednesday July 16, 2025):

On Wednesday July 16, 2025, during boarding for the 10:45 AM Queen City Tours® Charlotte Daily Black Heritage Tour℠ at the 116th Annual NAACP National Convention, Plaintiff personally observed confusion from a guest, Ms. Lynn. Shortly after checking her in and boarding, Ms. Lynn referred to "Queen City Rides" on several occasions during our conversation, mistakenly associating her booked Queen City Tours® event with that company. Plaintiff clarified that this tour was being conducted by Queen City Tours®, not Queen City Rides; at which point she appeared to be puzzled and acknowledged personally knowing **Kevin Marcuse**, operator of Queen City Rides, from his provision of golf carts for her Elmwood/Pinewood cemetery tours *(see https://voicesfromthepastcharlotte.com/)*.

This incident was documented contemporaneously through booking confirmation *(Exhibit H)* and text communications *(Exhibit I1-2)*. Plaintiff's signed declaration *(Exhibit J)* confirms that Plaintiff was an **eyewitness** to Ms. Lynn's confusion and provides further factual detail regarding the exchange.

Page 6 of 10

These fresh incidents corroborate Plaintiff's long-standing evidence of confusion dating back to 2017 and demonstrate that such confusion continues to occur despite ongoing litigation.

## V. ADDITIONAL CONCERNS REGARDING OPPOSING PARTIES' CONDUCT

Plaintiff raises for the Court's awareness ongoing concerns about the conduct of opposing parties in the related TTAB proceeding and related litigation. Following Plaintiff's good-faith refusal to agree to settlement terms during mediation earlier this year, it appears that these parties have engaged in aggressive and duplicative filings that may constitute trademark bullying, harassment and tactical abuse of administrative and judicial processes.

Mindful of the Court's prior Stay Order and intent to avoid unnecessary filings, I respectfully note that certain tactics are causing substantial burden on the administrative proceeding and this Court, impeding efficient resolution and creating undue hardship. These concerns are raised solely to ensure a clear record while reserving the right to seek appropriate remedies if such conduct persists, consistent with the Court's directives. *(Exhibits K1-2 [Summary], and see https://www.csglaw.com/wp-content/uploads/2024/12/brueckner-nussbaum.pdf, https://www.uspto.gov/sites/default/files/documents/StreamlinedCancellation_Comment_from_PatrickFlaherty_Verizon.pdf, and https://www.trademarklitigationguide.com/trademark-bullying-and-unfair-litigation-tactics/, for full text articles).*

## VI. CONCLUSION

The TTAB proceeding remains unresolved and stayed, and the federal case is properly stayed. However, Plaintiff continues to suffer ongoing harm in the form of consumer confusion and reputational dilution. Plaintiff submits this update to preserve the record and maintain the Court's awareness of both the TTAB proceedings and the documented marketplace realities impacting Plaintiff's senior rights.

Respectfully submitted,

_____
Juan D. Whipple
Pro Se Plaintiff
dba Queen City Tours®
201 N. McDowell Street
P. O. Box 36160
Charlotte, NC 28236-6160
jwhipple@queencitytours.com
704-566-0104

Dated: September 9, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I will email the foregoing **PLAINTIFF'S STATUS UPDATE REGARDING TTAB TRADEMARK CANCELLATION PROCEEDING (No. 92087584)** to the following:

Hunter Freeman

Kim and Lahey Law Firm

3620 Pelham Road, PMB 213

Greenville, SC 29615

Phone: 864-973-6688

Email: hfreeman@kimandlahey.com


Joshua F. P. Long

Woods Rogers Vandeventer Black PLC

10 S. Jefferson Street, Suite 1800

Roanoke, Virginia 24011

Phone: (540) 983-7725

Fax: (540) 983-7711

Email: Josh.long@woodsrogers.com

Additionally, I will deliver a copy of the same document to the Clerk of Court in person at:

Clerk of Court

United States District Court

Western District of North Carolina

Room 100, Charles R. Jonas Federal Building

401 W. Trade Street

Charlotte, NC 28202

The Clerk will furnish a copy to Mr. Freeman, Mr. Long via the court system using the CM/ECF system.

Respectfully submitted,

_____

Juan D. Whipple

Pro Se Plaintiff

P. O. Box 36160

Charlotte, NC 28236-6160

jwhipple@queencitytours.com

Business Phone: 704-566-0104

Dated: September 9, 2025