Hand-Delivered

Queen City Tours® vs. Queen City Rides 1, LLC, et al. [Defs. 1 and 2]
Case No. 3:24-CV-00325-KDB-DCK
TTAB Status Update
January 09, 2026

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

Juan D. Whipple, d/b/a Queen City Tours®, Plaintiff,

v.

Kevin Marcuse, and Queen City Rides 1, LLC, et al.,

Defendants.

FILED
CHARLOTTE, NC

JAN - 9 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

Civil Action No. 3:24-cv-00325-KDB-DCK

**PLAINTIFF'S STATUS UPDATE REGARDING TTAB TRADEMARK
CANCELLATION PROCEEDING (No. 92087584)**

**To the Honorable United States District Court:**

Pursuant to this Court's Order dated May 13, 2024 (Doc. 67), Plaintiff Juan D. Whipple, pro se, submits the following Status Update regarding the Trademark Trial and Appeal Board (TTAB) Cancellation Proceeding No. 92087584, involving Defendants Kevin Marcuse d/b/a Queen City Rides 1, LLC, and Lance Zaal/US Ghost Adventures, LLC d/b/a Queen City Ghosts.

### I. INTRODUCTION

Pursuant to the Court's prior order, Juan D. Whipple d/b/a Queen City Tours® ("Plaintiff") submits this status update concerning the related cancellation proceedings before the Trademark Trial and Appeal Board ("TTAB").

## II. STATUS OF TTAB PROCEEDINGS

On July 16, 2025, Petitioners US Ghost Adventures, LLC and Lance Zaal, et al., filed an Amended Petition to Cancel Plaintiff's QUEEN CITY TOURS® federal registration (TTAB Cancellation No. 92087584). The TTAB is currently considering Plaintiff's Motion to Dismiss filed on August 14, 2025. *(Doc. 73-1, Exhibits A1-A2 at 3-4)*. While Plaintiff maintains that the Motion is meritorious based on applicable law and procedure, no ruling has been issued at this time.

On January 8, 2026, Plaintiff received an email from Defendant 1's counsel attaching a proposed status report for filing with the United States District Court for the Western District of North Carolina and requesting comments by a stated deadline, with notice that the report would be filed with a footnote if no response was received.

Plaintiff responded the same day, advising that the proposed draft risked presenting an incomplete record by omitting publicly verifiable evidence of Defendants' continued use and visibility of the challenged marks in search results and third-party listings during the reporting period. Plaintiff requested that the filing either remain limited to procedural posture or include a neutral clarifying sentence acknowledging the continued public visibility of the challenged marks. *(Exhibits A01-A02)*. No confirmation or revised draft was provided within the requested timeframe. Accordingly, Plaintiff submits this independent update to ensure the accuracy and

completeness of the record and remains willing to participate in future joint submissions when adequate time for meaningful review is afforded.

As of the date of this filing, the **TTAB has not yet ruled** on Plaintiff's August 14, 2025 Motion to Dismiss. Plaintiff continues to await the Board's decision and will promptly notify this Court upon issuance of any order materially affecting the posture of the TTAB proceeding.

### III. COURT'S PRIOR STANDING FINDING

a.   The Court confirmed that Plaintiff has standing as the owner of the trademark at issue. *(Doc. 40 at 1)*.

b.   It was recognized that Queen City Tours® and Travel is a sole proprietorship, legally inseparable from me as an individual.

c.   *The Court found Plaintiff is the owner of the mark "Queen City Tours®" and therefore have standing to bring this action under 15 U.S.C. §§1114 and 1125(a). (Doc. 40 at 6)*.

d.   The Court noted significant confusion in the marketplace due to overlapping use of "Queen City" among various entities, including documented consumer misdirection involving Queen City Tours®, Queen City Rides, and Queen City Ghosts. *(Doc. 40 at 4)*.

e.  The case was ordered to proceed on the merits, absent voluntary resolution. *(Doc. 40 at 8).*

## IV. NEW EVIDENCE OF CONTINUED WILLFUL INFRINGEMENT AND INITIAL-INTEREST CONFUSION

### Supplemental Update Since November 10, 2025

Since the prior filing on November 10, 2025, Plaintiff has identified publicly verifiable evidence demonstrating **continued and coordinated willful infringement** by **Defendant 1 (Kevin Marcuse and Queen City Rides 1, LLC)** and, where applicable, **Defendant 2 (Lance Zaal and US Ghost Adventures, LLC d/b/a Queen City Ghosts)**. This evidence consists of **objective third-party representations, platform listings, and Defendant-controlled digital content** that improperly equate, categorize, or conflate Defendants' services with Plaintiff's QUEEN CITY TOURS® and QUEEN CITY GHOST TOURS℠ marks. This evidence is summarized below and documented in full in Plaintiff's January 8, 2026 Synopsis of Web and Social Media Misuse. *(Exhibit B).*

### A. *Internal Misuse of Plaintiff's Marks by Defendant 1*

As documented in the attached January 8, 2026 synopsis, Defendant 1's own website architecture improperly categorizes Queen City Rides content under the heading "Queen City Tours." A blog tag page titled "Golf Cart Tours Charlotte Archives – Queen City Rides" is filed

within a category labeled "Queen City Tours," evidencing Defendant 1's deliberate internal use of Plaintiff's registered mark to organize and promote competing services. This misuse supports an **initial-interest confusion** theory by diverting users under the false impression they are engaging with Plaintiff's QUEEN CITY TOURS® brand. *(Exhibits B01-B10).*

### B. Third-Party Editorial Equivalency Statements Implicating Defendant 1

Independent third-party editorial content further reflects the marketplace impact of Defendant 1's unlawful branding. A family travel guide describing "Fun Things to Do in Charlotte at Night" expressly refers to Queen City Rides as "also known as the Queen City Tours," directly equating Defendant 1's services with Plaintiff's registered mark. This is not consumer error but **editorial misidentification**, demonstrating how Defendant 1's naming strategy foreseeably causes third parties to adopt and repeat the infringing equivalence. *(Exhibits B01-B10).*

### C. Platform-Level Conflation Involving Defendants 1 and 2

The synopsis also documents continued conflation of Plaintiff's marks with those of **both Defendants** across major travel and booking platforms. On TripAdvisor and related aggregators, listings for **Queen City Rides** and **Queen City Ghosts** appear alongside or in connection with **Queen City Tours®** and **Queen City Ghost Tours℠**, presented as interchangeable Charlotte tour offerings. In particular, TripAdvisor listings associated with Defendant 2's Queen City

Ghosts describe tours as "telling the serious history of the Queen City for nearly 20 years," language closely mirroring Plaintiff's long-standing historical-tour positioning and further blurring source identification between Plaintiff and Defendant 2. *(Exhibits B01-B10)*.

### D. Social Media and Marketing Overlap by Defendants 1 and 2

Defendant-affiliated social media accounts reinforce this infringement. Queen City Rides' Instagram promotes its offering as "the best historical city tour in uptown Charlotte," while Defendant 2's Queen City Ghosts similarly markets itself as a premier historical and ghost-tour authority for Charlotte. The concurrent use of near-identical geographic, historical, and tour descriptors by both Defendants evidences **knowing encroachment** into Plaintiff's established market space rather than coincidence or fair use.*(Exhibits B01-B10)*.

### V. CONCLUSION

The record confirms that this matter remains active and unresolved. This Court has already recognized Plaintiff's standing and ownership of the QUEEN CITY TOURS® mark, as well as significant marketplace confusion arising from Defendants' overlapping use of "Queen City" tour identifiers. The TTAB cancellation proceeding initiated and amended by Defendants remains pending, with Plaintiff's Motion to Dismiss awaiting decision.

While the TTAB matter is unresolved, Defendants have continued to use confusingly similar marks in the marketplace. As documented in this update and the attached evidence, Defendants 1 and 2 have engaged in ongoing, publicly visible conduct—including internal misuse of Plaintiff's mark, third-party editorial equivalency statements, platform-level conflation on major booking sites, and overlapping social-media marketing—that evidences continued willful infringement and initial-interest confusion.

The absence of a TTAB ruling does not reflect a lack of activity or harm. Rather, the evidence shows ongoing infringement occurring during the pendency of stayed federal proceedings. Plaintiff has acted diligently, timely updated the Court, and submits this filing to ensure the record accurately reflects the current posture of the TTAB proceeding and Defendants' continued marketplace conduct. Plaintiff will promptly notify the Court of any TTAB ruling that materially affects this case.

Respectfully submitted,

_____

Juan D. Whipple

Pro Se Plaintiff

dba Queen City Tours®

201 N. McDowell Street

P. O. Box 36160

Charlotte, NC 28236-6160

jwhipple@queencitytours.com

704-566-0104

Dated: January 09, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 09, 2026, I will email the foregoing **PLAINTIFF'S STATUS UPDATE REGARDING TTAB TRADEMARK CANCELLATION PROCEEDING (No. 92087584)** to the following:

Hunter Freeman

Kim and Lahey Law Firm

3620 Pelham Road, PMB 213

Greenville, SC 29615

Phone: 864-973-6688

Email: hfreeman@kimandlahey.com

Joshua F. P. Long

Woods Rogers Vandeventer Black PLC

10 S. Jefferson Street, Suite 1800

Roanoke, Virginia 24011

Phone: (540) 983-7725

Fax: (540) 983-7711

Email: Josh.long@woodsrogers.com

Additionally, I will hand deliver a copy of the same document to the Clerk of Court in person at:

Clerk of Court

United States District Court

Western District of North Carolina

Room 100, Charles R. Jonas Federal Building

401 W. Trade Street

Charlotte, NC  28202

The Clerk will furnish a copy to Mr. Freeman, Mr. Long via the court system using the CM/ECF system.

Respectfully submitted,

_____

Juan D. Whipple

*Pro Se Plaintiff*

P. O. Box 36160

Charlotte, NC 28236-6160

jwhipple@queencitytours.com

Business Phone: 704-566-0104


Dated: January 09, 2026